UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61128-CIV-LENARD/WHITE
(Related Criminal Case: 07-60061-CR-LENARD)

**CLAUDE J. ANDRE**,

      Movant,

vs.

**UNITED STATES OF AMERICA,**

      Respondent.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE (D.E. 16); DENYING MOTION TO
VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO
28 U.S.C. § 2255 (D.E. 1); AND DISMISSING CASE**

**THIS CAUSE** is before the Court on the Report and Recommendation of Magistrate Judge Patrick A. White ("Report," D.E. 16), issued on June 12, 2009. In his Report, Magistrate Judge White recommends that the Court deny Movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Motion," D.E. 1). Movant filed his Objections to the Report on June 26, 2009 (D.E. 17). Having reviewed the Objections and the record, the Court finds as follows.

    **I.**    **Background**

The following facts of Movant's underlying conviction are taken from the Magistrate Judge's Report and are not objected to by Movant.

On March 13, 2007, Movant, along with two co-defendants, was charged by way of indictment with conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C.

§ 1951(a) (Count Two); conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846 (Count Three); conspiracy to use and carry a firearm during and in relation to a crime of violence and during and in relation to a drug trafficking crime and to possess said firearm in furtherance of such crimes, in violation of 18 U.S.C. § 924(c)(1)(A), all in violation of 18 U.S.C. § 924(o) (Count Four); attempt to possess with intent to distribute five kilograms or more of cocaine, in violation 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count Six); knowingly carrying a firearm during and in relation to a crime of violence, and during and in relation to a drug trafficking crime and possessing said firearm in furtherance of such crimes, all in violation of 18 U.S.C. §§ 924(c)(1) and (2) (Count Seven); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Eight).

On May 9, 2007, pursuant to a negotiated plea agreement, Movant pleaded guilty to Counts Three and Seven of the indictment.

A PSI was prepared in anticipation of sentencing, wherein the probation officer determined that Count Seven was excluded from the grouping rules because it required a minimum five year term of incarceration to run consecutively to any other term of imprisonment. The guideline for Count Three was found in U.S.S.G. §2D1.3(a)(3), which provides that an offense involving at least 15 but less than 50 kilograms of cocaine has a base offense level of 34. However, because the movant demonstrated acceptance of responsibility

for his offense, his base offense level was reduced by three levels. Thus, his total offense level was set at 31.

The probation officer further determined the movant had a total of four criminal history points and a criminal history category of III. Based on a total offense level of 31 and a criminal history category of III, the guideline imprisonment range was 135 to 168 months.

On July 30, 2007, Movant appeared for sentencing wherein the Court sentenced him to 135 months imprisonment as to Count Three, 60 months imprisonment as to Count Seven, to run consecutively, a total of 5 years of supervised release and a special assessment of $200. The Clerk entered judgment on July 31, 2007. No direct appeal was filed. The judgment of conviction became final at the latest on August 14, 2007, ten days after the entry of judgment, when time expired for filing a notice of appeal. This motion to vacate was timely filed less than one year later on July 6, 2008. (See D.E. 1.)

Movant makes seven claims in his Motion:

1. Movant was denied effective assistance of counsel when his attorney failed to file a direct appeal after being requested to do so.

2. Movant was denied effective assistance of counsel when his attorney failed to challenge the Movant's career offender status.

3. Movant was denied effective assistance of counsel when his attorney failed to challenge the charges on the basis that they involved an informant for the government who never had any drugs in his possession or on the basis that an informant cannot conspire with a conspiracy.

4. Movant was denied effective assistance of counsel when his attorney failed to advise him regarding the benefits of pleading guilty versus proceeding to trial.

5. Movant was denied effective assistance of counsel when his attorney failed to argue that possession of a weapon is not a violent offense and accordingly, he should not have been sentenced as an armed career offender.

6. Movant is actually innocent of the offenses charged in the indictment.

7. Movant's guilty plea was involuntarily and unknowingly entered into.

## II.    Evidentiary Hearing

After review of the record, Magistrate Judge White determined that evidentiary findings and oral argument was required with respect to claims one and four, as listed above. An order was entered appointing Omar G. Johansson, Esquire, to represent Movant, and an evidentiary hearing was thereafter scheduled for June 2, 2009.

On the morning of the hearing, Movant individually and through counsel advised Magistrate Judge White on the record that he was withdrawing claim four, that he was denied effective assistance of counsel when his attorney failed to advise him regarding the benefits of pleading guilty versus proceeding to trial. Magistrate White instructed Movant's counsel to conduct a thorough colloquy on the record, which he did, which established that Movant's decision was knowing and voluntary and that he was of sound mind. As such, claim one, that Movant was denied effective assistance of counsel when his attorney failed to file a direct appeal after being requested to do so, was the only claim considered in the evidentiary hearing.

At the hearing, Magistrate Judge White heard testimony from Movant's brother, Movant's fiancee, Movant himself, and Movant's counsel in the underlying criminal case.

Movant's brother, Movant's fiancee, and Movant all testified that Movant had requested that his counsel file a direct appeal. His counsel denied having any discussion with Movant or his family regarding an appeal. Instead, he testified, all conversations with Movant and his family concerned cooperating with the government to reduce Movant's sentence.

**II.     The Report**

Magistrate Judge White rejected all of Movant's claims. As to claim one, that Movant was denied effective assistance of counsel when his attorney failed to file a direct appeal after being requested to do so, Magistrate Judge White found the claim to be without merit:

> Having carefully attended to the testimony at the evidentiary hearing, the witnesses' demeanor and the record as a whole, the undersigned credits the testimony of movant's counsel, Attorney Howard, that the movant never indicated he wanted to pursue a direct appeal, but rather his efforts and those of his family members was directed to pursing cooperation. Moreover, this court accepts counsel's testimony that the movant was solely interested in pursuing any possibility of cooperation with the government. The court is not persuaded and finds disingenuous the movant's testimony that despite never inquiring as to the status of his direct appeal, he insisted that counsel file a direct appeal.
>
> This court further finds that the movant did nothing to verify the status of his direct appeal, or to insure that his appellate rights were preserved. Although the movant, along with his family attempted to contact counsel, and at time [sic] were successful in doing so, this court finds that all efforts were in pursuit of a Rule 35 motion. The movant has not sufficiently refuted counsel's credible testimony and has failed to meet his burden.
>
> Even if it is found that the movant was silent on whether he wished to file an appeal, counsel did not have an absolute duty to consult with the movant the advantages and disadvantages of an appeal. As discussed above, if the record is inconclusive as to whether the defendant requested an appeal and counsel thereafter did not consult with the defendant, counsel's performance is deficient when there is reason to think either (1) that a rational defendant

5

would have wanted to appeal or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. It is evident from the record that a reasonable defendant in the movant's situation would not have wanted to appeal, as he received a sentence at the low end of the guidelines in conjunction with the mandatory consecutive sentence of five years and he vigorously pursued his cooperation efforts with the government. Moreover, it is axiomatic that the movant did not reasonably demonstrate to counsel that he was interested in appealing. Under these circumstances, Attorney Howard was not ineffective for failing to file an appeal.

(D.E. 16 at 16-17.)

Magistrate Judge White also recommended that the Court deny the remainder of Movant's claims.

**III.    Discussion**

Movant, through counsel, objects only to Magistrate Judge White's findings regarding his first claim. As such, as an initial matter, the Court need not address Magistrate Judge White's findings as to his second, third, fifth, six, and seventh claims.[1] See 28 U.S.C. § 636(b)(1) (district court is only required to make "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made").

In his Objections, Movant's argument is as follows:

The Magistrate Court at page 16 of the Report found that these three witnesses for the movant [Movant, his brother, and his fiancee] did not in fact tell the movant's trial counsel that the movant Claude J. Andre did in fact want to file a notice of appeal within the 10 days following entry of judgment in his trial case. The only contrary evidence was the testimony of trial counsel. The testimony of three witnesses outweighs one. Thus, the Magistrate Court should

---

[1] As noted above, Movant withdrew his fourth claim at the evidentiary hearing.

have found in favor of the movant Claude J. Andre.

(D.E. 17 at 1.)

The Court finds that Movant's Objections are without merit. First, Movant's argument that the testimony of three self-interested witnesses should trump the testimony of an officer of the court, simply because three is greater than one, is ridiculous. Movant makes no argument as to the weight of his credibility and the credibility of his brother and his fiancee versus the credibility of his trial counsel. As such, in light of Magistrate Judge White's findings and the factual underpinnings of Movant's first claim, the Court adopts the credibility determination of Magistrate Judge White and credits the testimony of Movant's trial counsel that Movant never communicated his desire to file a direct appeal. See Amlong & Amlong, P.A. v. Denny's, Inc., 457 F.3d 1180, 1196 (11th Cir. 2006) (holding that a district court is entitled to adopt the credibility findings made by a magistrate judge without conducting a new hearing before making a final determination).

Additionally, Movant fails to address Magistrate Judge White's factual findings that Movant failed to inquire at all into the status of his direct appeal, despite his claim in his Motion that he insisted that a direct appeal be filed. Magistrate Judge White also found it highly improbable that Movant would have desired to prosecute a direct appeal in light of his continuing cooperation with the government and the benefits thereby accruing to him via a reduced sentence. Movant fails to address this factual finding as well. Finally Movant does not address Magistrate Judge White's finding that, even if it is found that Movant was silent

7

on whether he wished to file an appeal, counsel did not have an absolute duty to consult with the movant the advantages and disadvantages of an appeal because it is evident from the record that a reasonable defendant in the movant's situation would not have wanted to appeal, as he received a sentence at the low end of the guidelines in conjunction with the mandatory consecutive sentence of five years and he vigorously pursued his cooperation efforts with the government.

Accordingly, Movant's Objections fail, and it is hereby **ORDERED AND ADJUDGED** that:

1. The Report of Magistrate Judge Patrick A. White (D.E. 16), issued on June 12, 2009, is **ADOPTED**.

2. The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (D.E. 1), filed on or about July 6, 2008, is **DENIED**.

3. This case is **CLOSED**.

4. All pending motions not otherwise ruled upon are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida this 30th day of June, 2009.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**